BACH, BARNETT & Co. *v.* ABRAHAM LEOPOLD—A. LEVY, Intervenor.

The revocatory action cannot be exercised by individual creditors until their debts are liquidated by a judgment, unless the defendant in such action be made party to the suit for liquidating the debt, brought against the original debtor. Code, 1967.

APPEAL from the District Court, Third District, *Clarke*, J. *R. N. Ogden & Labatt*, for plaintiffs and appellants. *Dorsey*, for defendant. *Marks & Cotton*, for intervenor.

VOORHIES, J. The attachment obtained by the plaintiffs in this case, based on the provisions of articles 242, 243 and 244 of the Code of Practice, as amended by the Act of 1826, was levied on certain goods, as the property of the defendant. *A. Levy* intervened in the suit and claimed the ownership and

possession of the goods, and also $1500 as damages resulting from the illegal seizure thereof.

The attachment was dissolved on the 1st of April, 1852. The grounds urged by the defendant for its dissolution, were, that the affidavit was untrue, irregular, and not in compliance with the requirements of law; that it was issued without the authority of the Judge; and that the bond was not legally executed. There are no reasons assigned in the judgment for its dissolution, neither does the record afford us any light on the subject. It appears that an appeal was taken from this judgment, but abandoned.

The defendant also pleaded, as a dilatory exception, the prematurity of the action. No disposition appears to have been made of this exception—indeed, it is very questionable whether any was necessary, as the attachment essentially constituted the basis of the action,

The intervention was filed on the 21st of April, 1852. The principal grounds of objection, urged by the plaintiffs, against the intervenor's demand, are, that the sale to him from the defendant is collusive, fraudulent and simulated; and if not simulated, that it is fraudulent and void, because it gives an undue preference or advantage to the intervenor over the other creditors of the defendant, whose insolvent circumstances were then well known to him.

The issues between these parties were tried by a jury, who found the following verdict: " We, the jurors, find a verdict that *A. Levy*, intervenor, is owner of the goods seized by the Sheriff in this case, and we also find a verdict for four hundred dollars damages in the intervenor, *A. Levy's* favor, and against *Bach, Barnett & Co.*" The judgment on this verdict is in these words:— " The Court considering the verdict of the jury and the law and the evidence being in favor of the intervenor, it is ordered, adjudged and decreed, that *A. Levy* be and he is hereby declared the owner of the goods seized by the Sheriff in this suit, and that the possession thereof be delivered to him. It is further ordered and decreed, that said intervenor and third opponent, *A. Levy*, recover of *Bach, Barnett & Co.*, the sum of four hundred dollars damages and the costs of suit." It is objected that this judgment is not pursuant to the verdict. We think otherwise. The ownership of the property and the assessment of the damages resulting from the illegality of the seizure thereof, obviously constituted the subject-matter in litigation which was submitted to the jury. The judgment rendered thereupon, decreeing the possession of the property to be delivered to the intervenor, was therefore merely incident to the verdict and essential to give it effect.

The third opposition in this case was evidently converted into a revocatory action. Article 1967 of our Code provides, that this action " cannot be exercised by individual creditors until their debts are liquidated by a judgment, unless the defendant, in such action, be made party to the suit for liquidating the debt brought against the original debtor, &c." 1 R. R. 525. As we consider this fatal to the plaintiffs' right of action, it is unnecessary for us to express any opinion on the other points presented in the case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.